WILDER NATIONAL TAVERN SYSTEM *v.* JILLSON.

LICENSES—BLUE SKY LAW—SUBSCRIPTION OF PROMOTER.

> Where subscriber to stock of Illinois corporation was interested in its organization and agreed to subscribe for stock when it was organized, his subscription is not in violation of Illinois blue sky law (Cahill Rev. Stat. Illinois, chap. 32, ¶ 258, subd. [2]; Smith-Hurd Rev. Stat. Illinois, chap. 121½, § 100[2]).

Appeal from Wayne; Campbell (Allan), J. Submitted October 29, 1931. (Docket No. 218, Calendar No. 36,056.) Decided January 4, 1932.

Assumpsit by Wilder National Tavern System, an Illinois corporation, against Oren B. Jillson on a stock subscription. Judgment for plaintiff. Defendant appeals. Affirmed.

*Max Kahn* (*Leonard V. Pylkas,* of counsel), for plaintiff.

*Younglove & Chockley,* for defendant.

WIEST, J. Plaintiff is an Illinois corporation, organized February 23, 1926. Defendant was interested in its formation and organization and tendered a subscription to its capital stock. This tender was not effective because of change in the proposed capitalization. April 3, 1926, defendant, in Michigan, signed a subscription for stock to the amount of $1,050, and mailed it, with his check for $100, to an officer of the company at St. Louis, Missouri. The check was taken to Columbia, Illinois, where the home office of plaintiff was located, and there cashed and stock certificates executed in favor of defendant and kept by the company under the terms of the subscription. This suit was brought to recover the balance due on the subscription and defendant prosecutes this appeal from a judgment awarded plaintiff.

The decisive question presented is whether the subscription violated the so-called blue sky law of Illinois, where it was accepted and shares of stock executed.

If defendant was interested in promoting the organization of the corporation and agreed to subscribe for shares of stock therein when it was organized, then there was no violation of the blue sky law of Illinois.

At the date of organization of the corporation defendant was in Germany and sent a radiogram, asking reservation of stock for him in the new company. The later subscription is explained by change in the capitalization.

The case does not present an instance of sale of corporate stock to a purchaser, upon solicitation

after incorporation, but a subscription by one interested in the creation of the corporation, and defendant's subscription falls within the issue of stock to organizers of the corporation.

The Illinois blue sky law exempts from its provisions distribution of capital stock to stockholders without incurring any expenses or liability therefor, such as commissions. Cahill Rev. Stat. Illinois, chap. 32, ¶ 258, subd. (2); Smith-Hurd Rev. Stat. Illinois, chap. 121½, § 100(2).

The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.